PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 7 2006

at 3 o'clock and 7K min. PM 7J
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  DUSTIN R. SPENCER,
                   aka Dustin I. Spencer          Case Number:  CR 05-00002SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
                                      U.S. District Judge

Date of Original Sentence: 5/20/2005

Original Offense:    <u>Count 1</u>:  USER IN POSSESSION OF A FIREARM, in violation
                     of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a Class C felony

Original Sentence:   Eighteen (18) months imprisonment and three (3) years supervised
                     release, with the following special conditions:  1) That the
                     defendant participate in a substance abuse program, which may
                     include drug testing at the discretion and direction of the Probation
                     Office; 2) That the defendant provide the Probation Office and the
                     Financial Litigation Unit of the U.S. Attorney's Office access to any
                     requested financial information to include submitting to periodic
                     debtor's examinations as directed by the Probation Office; 3) That
                     the defendant participate in mental health program at the discretion
                     and direction of the Probation Office; and 4) That the defendant
                     shall submit his person, residence, place of employment, or vehicle
                     to a search conducted by the U.S. Probation Office at a reasonable
                     time and in a reasonable manner, based upon reasonable
                     suspicion of contraband or evidence of a violation of a condition of
                     supervision.  Failure to submit to a search may be grounds for
                     revocation.  The defendant shall warn any other resident that the
                     premises may be subject to search pursuant to this condition.

                     The Court also ordered that the fine of $500.00 is due immediately
                     and any remaining balance upon release from confinement be paid
                     during the period of supervision on an installment basis according
                     to the collection policy of the Probation Office but at a rate of not
                     less than 10 percent of his monthly gross income.

Type of Supervision:  Supervised Release    Date Supervision Commences: 7/14/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition**:    *That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

**Special Condition No. 5:**    *That the defendant participate in a Community Corrections Center program such as Mahoney Hale for a period not to exceed 180 days, or until otherwise released, at the discretion and direction of the Probation Office.  While in the program, the defendant shall participate in the components of the Mahoney Hale program.*

## CAUSE

During the prerelease planning process, the offender requested to participate in the Community Corrections Center program upon his release.  The offender acknowledged that this would enhance his reintegration into the community.

In addition, it is noted that the offender was sentenced prior to *U.S. v. Stephens*.  Due to the ruling in *Stephens* (*United States v. Stephens*, 9th Circuit 2005) the probation officer is limited to three random tests outside of treatment.  Given the established relationship between the offender's history of substance abuse and criminal activity, controlling strategies to detect substance abuse and prompt intervention is recommended in this case.  Drug testing is the most reliable method for monitoring the offender's drug use.  The purpose for the modification is so that the Probation Office could continue to conduct random drug testing at the rate of up to eight (8) tests per month.  This amount will allow the probation officer to fashion random drug testing designed to detect drug use while not allowing the offender to predict test dates.  To the offender's credit, he was willing to have the general condition modified to reflect the increase in drug testing.

Therefore, we respectfully recommend that the Court modify the offender's conditions of supervision and impose the recommended special condition to allow him to participate in the Community Corrections Center program and modify the general conditions as reflected above.  Attached is a signed Waiver of Hearing to Modify

Prob 12B
(7/93)

Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  1/11/2006

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

1/12/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

**General Condition:**    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

**Special Condition No. 5:**    *That the defendant participate in a Community Corrections Center program such as Mahoney Hale for a period not to exceed 180 D.S. days, or until otherwise released, at the discretion and direction of the Probation Office. While in the program, the defendant shall participate in the components of the Mahoney Hale program.*

Witness: _____          Signed: _____
LISA K. T. JICHA                                        DUSTIN R. SPENCER
U.S. Probation Officer                                  Supervised Releasee

_____
1·4·06
Date