PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

## for the

### DISTRICT OF HAWAII

MAR 0 5 2007

at 2 o'clock and 55 min. PM
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  DUSTIN R. SPENCER,          Case Number:  CR 05-00002SOM-01
                   aka Dustin I. Spencer

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  5/20/2005

Original Offense:      Count 1:  USER IN POSSESSION OF A FIREARM, in violation
                       of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a Class C felony

Original Sentence:     Eighteen (18) months imprisonment and three (3) years supervised
                       release, with the following special conditions:  1) That the
                       defendant participate in a substance abuse program, which may
                       include drug testing at the discretion and direction of the Probation
                       Office; 2) That the defendant provide the Probation Office and the
                       Financial Litigation Unit of the U.S. Attorney's Office access to any
                       requested financial information to include submitting to periodic
                       debtor's examinations as directed by the Probation Office; 3) That
                       the defendant participate in mental health program at the discretion
                       and direction of the Probation Office; and 4) That the defendant
                       shall submit his person, residence, place of employment, or vehicle
                       to a search conducted by the U.S. Probation Office at a reasonable
                       time and in a reasonable manner, based upon reasonable
                       suspicion of contraband or evidence of a violation of a condition of
                       supervision.  Failure to submit to a search may be grounds for
                       revocation.  The defendant shall warn any other resident that the
                       premises may be subject to search pursuant to this condition.

                       The Court also ordered that the fine of $500.00 is due immediately
                       and any remaining balance upon release from confinement be paid
                       during the period of supervision on an installment basis according
                       to the collection policy of the Probation Office but at a rate of not
                       less than 10 percent of his monthly gross income.

Prob 12B
(7/93)

Modified Sentence:  On 1/12/2006, the Court modified the general condition of supervision and added Special Condition No. 5.

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

Spec. Cond. No. 5:  That the defendant participate in a Community Corrections Center program such as Mahoney Hale for a period not to exceed 180 days, or until otherwise released, at the discretion and direction of the Probation Office.  While in the program, the defendant shall participate in the components of the Mahoney Hale program.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  7/14/2006

## PETITIONING THE COURT

[✓ ]    To modify the conditions of supervision as follows:

**Special Condition No. 6:** *That the defendant is prohibited from the possession and use of alcohol.*

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 9 | On 12/27/2006, the subject associated with felons. |
| 2. General Condition | On 2/22/2007, the subject engaged in Conduct Constituting Operating a Vehicle While Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-0061. |
| 3. General Condition | On 2/22/2007, the offender engaged in conduct constituting Reckless Driving, in violation of HRS § 292-2. |

## CAUSE

On 1/12/2006, we requested that the Court modify the above subject's conditions by amending the general condition so that he may submit to drug testing throughout his term of supervision given his history of substance abuse.  Additionally, we requested that the Court add the condition that would allow the subject to participate in the Community Corrections Center (CCC) upon his release from incarceration.  The Court concurred with our recommendations and the conditions were modified.

Prob 12B
(7/93)

3

The subject entered the CCC on 8/7/2006 and was released on 10/12/2006. Prior to his release, he was employed full-time and with the assistance of his great grandmother, he was able to procure a rental residence.

In December 2006, the subject failed to report for work with Team Clean. He had been working as a forklift operator and performed general maintenance at Ala Moana Shopping Center. When questioned about his employment, the subject reported that he left his job because he was unable to resolve a conflict with a supervisor.

The subject is presently unemployed but he qualifies for Social Security benefits given his mental health diagnosis. The subject was previously diagnosed with Organic Mental Disorder, Personality Disorders, Borderline Antisocial Personality Traits, Attention Deficit Disorder, and Substance Abuse Disorder. Therapists in the past have indicated that the subject can perform simple and repetitive tasks. However, the subject may have difficulty interacting with others, difficulty performing work activities on a consistent basis, maintaining regular attendance, and dealing with the usual stress encountered in competitive work.

On 12/27/2006, Honolulu police stopped the subject for speeding. The subject had three passengers in his car. The passengers were identified and all three were felons. Additionally, methamphetamine was recovered from the car and one of the passengers was arrested for the possession of methamphetamine. Consequently, the subject was reprimanded, his mental health participation was increased, he was counseled, and a family meeting was conducted.

On 2/22/2007, the subject reported that during the early morning hours on 2/22/2007, he was stopped by the Honolulu police while driving his car. The subject failed the administered breathalyzer test and was arrested for Driving Under the Influence (DUI). The subject is scheduled to appear in state District Court on 3/23/2007.

According to the police report, the subject was arrested for Operating a Vehicle Under the Influence of an Intoxicant and Reckless Driving. The subject's blood alcohol content (BAC) measured 0.130.

On 2/23/2007, the subject admitted that he knew that while he was participating in substance abuse treatment and during the first year of supervision, he was not to consume alcohol. The subject admitted that prior to being stopped by police, he had consumed alcohol at the Pipeline Café.

The subject was counseled and sternly admonished. The subject participated in a family session with this officer and his great grandmother. He was warned that future noncompliance may result in the revocation of his supervision.

The subject is currently participating in individual substance abuse counseling and enrolled in random drug testing. All drug tests have been negative.

Prob 12B
(7/93)

4

The subject has agreed to abstain from alcohol for the remainder of his supervision. Additionally, he will be required to participate in additional substance abuse counseling. The subject is currently participating in mental health treatment on a weekly basis. The psychologist he sees is also a certified substance abuse counselor. Furthermore, the subject has been referred to the Department of Vocational Rehabilitation (DVR).

Given the subject's arrest for DUI, we recommended that the Court modify the subject's conditions to include an alcohol abstinence condition. Additionally, it is recommended that the Court take no action on the violations at this time. We will continue to monitor the subject's participation in therapy, his participation with DVR, and the resolution of the DUI case. Additionally, the subject will be seen on a weekly basis to monitor his behavior in the community until such time that he demonstrates he can comply with his conditions of supervision.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

ROBIN L. DEMELLO
Senior U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 3/2/2007

Prob 12B
(7/93)

5

THE COURT ORDERS:

[✓ ]    The Modification of Conditions as Noted Above
[   ]    Other

_____

SUSAN OKI MOLLWAY
U.S. District Judge

3/2/07
_____
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

6      That the defendant is prohibited from the possession and use of alcohol.

Witness: _____
         ROBIN L. DeMELLO
         Senior U.S. Probation Officer

Signed: _____
         DUSTIN R. SPENCER
         Supervised Releasee

_____
2/23/07
Date